**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4396**

─────────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

WILLIAM HINTON, a/k/a Abu Twoseventeen,

　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00024-JPB-JPM-1)

─────────────

Submitted:  November 30, 2023　　　　　　　　Decided:  December 15, 2023

─────────────

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Shawn M. Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Hinton appeals the 180-month sentence imposed following his guilty plea to conspiracy to distribute and possess with the intent to distribute cocaine base, cocaine hydrochloride, methamphetamine, and heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846; and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  On appeal, Hinton contends that the district court procedurally erred by, among other things, basing its sentencing decision on unsupported factual findings.  For the reasons that follow, we vacate Hinton's sentence and remand for resentencing.

We review a defendant's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  "In selecting a sentence, a court may rely on aggravating—or mitigating—facts found by only a preponderance of the evidence." *United States v. Legins*, 34 F.4th 304, 325 (4th Cir.), *cert. denied*, 143 S. Ct. 266 (2022).  "We review those factual findings for clear error." *Id.*

The district court's sentencing decision rested primarily on Hinton's criminal history and his tendency to recidivate.  Notably, though, the court also accorded some weight to the fact that Hinton's coconspirators "would talk [to law enforcement] about everybody else" involved in the conspiracy, yet "nobody would talk about Mr. Hinton." (J.A.[1] 60).  From this, the court inferred that Hinton's coconspirators "were afraid of [him]."  (J.A. 60).  On appeal, Hinton contends that the record does not support the district

---

[1] "J.A." refers to the joint appendix filed in this appeal.

2

court's finding that the coconspirators refused to talk about him. As a result, Hinton claims, the inference drawn from this finding is baseless speculation.

From our review of the record, we are unable to discern the basis for the district court's statement that "nobody would talk about Mr. Hinton." (J.A. 60). Consequently, we cannot meaningfully review whether the district court erred by concluding that Hinton instilled fear in his coconspirators.[2] And where, as here, the district court's sentencing explanation is inadequate, we have broad discretion to "send the case back to the district court for a more complete explanation." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018).

Accordingly, we vacate Hinton's sentence and remand for resentencing.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] We recognize that, having presided over the prosecutions of several of Hinton's coconspirators, the district court might have drawn from its familiarity with these proceedings when finding that the coconspirators had declined to talk about Hinton. But "an appellate court may not guess at the district court's rationale, searching the record for . . . clues that might explain a sentence." *United States v. Perez-Paz*, 3 F.4th 120, 128 (4th Cir. 2021) (internal quotation marks omitted). Thus, we leave it to the district court to clarify this issue.

[3] In light of this disposition, we do not reach Hinton's other sentencing challenges.

3